73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kathryne NICKERSON, Plaintiff-Appellant,
v.
KOLBE & KOLBE MILLWORK CO., Defendant-Appellee.
 No. 94-16268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Dec. 28, 1995.
 
 1
 Before: GOODWIN and REINHARDT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Plaintiff-Appellant, Kathryne Nickerson ("Nickerson" or "Appellant") appeals from the district court's granting Defendant-Appellee Kolbe & Kolbe Millwork Co.'s, ("Kolbe" or the "Company" or "Appellee") motion for summary judgment on one cause of action and judgment on the pleadings on the other.
 
 
 4
 Nickerson was employed for two years as a salesperson at Kolbe, a manufacturer of wood windows and doors. Kolbe employs 1278 people, 1128 of whom are plant employees. Appellant was one of two salespersons assigned to the California region; the other salesperson was her father, Richard Nickerson ("Mr. Nickerson"). Appellant alleged that she was laid off in violation of an implied-in-fact contract providing that she would not be discharged except for just cause.
 
 
 5
 Beginning in 1988, Appellant had been working for Kolbe in an independent contractor capacity. In 1990, Kolbe decided to employ both Nickersons instead as full-time employees. Appellant claims that she sought assurances in her pre-employment interview with Herb Theabo and Kolbe's President and majority owner, Herb Kolbe. She recalls them telling her that she was doing an "outstanding" job and that they wanted her for the "long haul." According to Appellant, her Sales Manager, Herb Theabo, told her that she was an excellent, hardworking and loyal salesperson. She also claimed that in 1991, she was the company's top grossing salesperson, and in 1992, the second highest grossing salesperson.
 
 
 6
 Theabo pointed out in his deposition that he had never given his salespersons performance reviews or merit increases. He stated that salespersons do very little actual sales, but are responsible for informing dealers and distributors about Kolbe products, appearing at trade shows, and generally promoting Kolbe products.
 
 
 7
 When Appellant began full-time employment with Kolbe in early 1991, she and all members of the sales force received a newly revised Employee Handbook which outlined the Company's personnel policies. The handbook provided for a probationary period, during which an employee could be fired if the company was dissatisfied, as well as for a three-step grievance procedure. The handbook also furnished general work rules, describing the kinds of infractions that could lead to discipline or discharge. Finally, the handbook included provisions for layoffs due to adverse business conditions.
 
 
 8
 Kolbe asserted that the handbook was mistakenly distributed to the salespersons, as it was intended only to apply to the plant employees. Kolbe also asserted that, upon further review of the handbook, it would have been obvious that the handbook only applied to plant employees. Salespersons did not have their own employee handbook until after this action was filed. Although the original employee handbook included a disclaimer stating that one's employment could be terminated with or without cause, Appellant maintained that the Company's consistent practice was to discharge employees only for good cause. Appellant also claimed that she neither saw nor signed any disclaimer.
 
 
 9
 In January, 1993, the Company held an annual sales meeting at which Appellant and Mr. Nickerson were informed that one of their positions was going to be terminated. The two Nickersons were given ten days to decide which of the two would leave their position and which would remain as the sole salesperson for California. Because the Nickersons could not decide by themselves within the ten-day period, the Company terminated Kathryne Nickerson and retained her father based on his many years of experience with Kolbe products.
 
 
 10
 Kolbe justified laying off Appellant by stating that it suffered a cash flow and credit crisis in February, 1992 and that sales had been flat in California. Kolbe took several steps to reduce expenses and increase revenues. Kolbe later offered the California sales position to Kathryne Nickerson when her father retired on May 21, 1994, but she rejected the offer.
 
 II.
 
 11
 On January 3, 1994, the district court entered an Order granting Kolbe's motion for judgment on the pleadings as to Nickerson's second cause of action. It found that Kolbe's act of termination did not constitute intentional infliction of emotional distress; therefore the Appellant's exclusive remedies for any injuries resulting from Kolbe's conduct would be covered by Workers' Compensation. In a separate order, the trial court granted Kolbe's motion for summary judgment on June 17, 1994, finding that Appellant failed to meet her burden of proving that an implied-in-fact contract existed. Furthermore, the district court stated that even if an implied-in-fact contract existed, there was "good cause" for the termination.
 
 
 12
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Jesinger, 24 F.3d at 1130. This Court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Warren, 58 F.3d at 441; Jesinger, 24 F.3d 1130. This Court does not weigh the evidence or determine the truth of the matter but only determines whether there is a genuine issue for trial. Jesinger, 24 F.3d at 1130. We find that the evidence was insufficient to raise a general issue of material fact for the reasons stated below.
 
 
 13
 California Labor Code Sec. 2922 establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination. Appellant has presented no concrete evidence that an express promise to terminate only for cause was made to her. It is therefore Appellant's burden to rebut the presumption of at-will employment.
 
 
 14
 Appellant has argued that an implied-in-fact contract to terminate only for cause existed. The existence of an implied-in-fact contract is normally to be determined by the trier of fact. Foley v. Interactive Data Corp., 765 P.2d 373, 388 (Cal.1988). However, if the facts are undisputed and allow for only one conclusion, then summary judgment is proper.
 
 
 15
 Both parties correctly identified certain factual matters significant to a determination of whether an implied-in-fact contract existed: (1) the personnel policies and practices of the employer; (2) the employee's longevity of service; and (3) actions or communications by the employer reflecting assurances of continued employment. See Foley, 765 P.2d at 387.
 
 
 16
 Appellant has not disputed the fact that Kolbe's handbook provides that employees have no right to continued employment, and that they can be terminated without cause. Moreover, Kolbe presented evidence that Appellant had received the handbook. Appellant, in turn, did not present evidence to contradict those provisions of the handbook; she responded only by claiming that she never noticed or signed the Acknowledgment of at-will employment in the Employee Handbook, and by pointing to other purportedly contradictory parts of the handbook.
 
 
 17
 Appellant asserts that it has been Kolbe's past practice to dismiss only for cause. She cites to Kolbe's Vice President's testimony in which he stated that when anyone has been terminated, there was good reason behind it. However, this does not equate to a policy of discharging only for good cause.
 
 
 18
 Appellant also argued that a separate "Layoff and Recall" policy governs the disputes of all employees, including herself, and that it became part of an implied contract between Appellant and Kolbe. Whether the Layoff Policy in the handbook applies to all employees or not is in the end immaterial, because we conclude that no implied contract arose.
 
 
 19
 Appellant was employed by Kolbe for a period of about two years. Her period of employment and receipt of the handbook with the disclaimer are insufficient to warrant a finding of an implied contract in the absence of other compelling circumstances. We find that none have been advanced. Appellant stated that she received favorable comments on her performance. Nevertheless, she cannot point to any particular aspect of her service with Kolbe to counter the presumption that her employment was anything but at-will.
 
 
 20
 When asked by the Court if any California cases established that Appellant's circumstances created an implied contract Appellant's counsel responded by pointing to Scott v. Pacific Gas & Electric Co., 11 Cal.4th 454 (1995). However, Scott is not convincing as it involved individuals who were employed by the defendant company for 20 and 24 years. This does not aid Appellant's position regarding longevity.
 
 
 21
 Appellant also cited to McClain v. Great American Ins., 256 Cal.Rptr. 863 (Cal.Ct.App.1989) in support of the longevity issue. However, this case supports more strongly the notion that "the totality of the circumstances determines the nature of the contract." 256 Cal.Rptr. at 869. The court in McClain never mentioned the longevity issue specifically and, as in this case, it operated only as one of many factors for the court to consider.
 
 
 22
 A California case that bears more similarity to the instant case is Gould v. Maryland Sound Industries, Inc., 36 Cal.Rptr.2d 718 (Cal.Ct.App.1995). In Gould, the court again stressed the need to review the totality of circumstances. 37 Cal.Rptr.2d at 726. The court expressly noted that "Gould was only employed for three years before he was terminated." Id. Furthermore, the Gould court reiterated that although McClain involved a brief employment period, "the [McClain ] court ... did not rely on [that] fact...." Id. It is thus apparent that the duration of Appellant's employment at Kolbe was not a factor that weighed in her favor.
 
 
 23
 While Appellant alleges that Kolbe promised her indefinite employment and that she would not be terminated except for cause, she failed to identify any express promise of employment dischargeable only for cause. Appellant argues that the statements made during her pre-hire interview represented a commitment from the company. Those statements, however, on their face, are insufficient to justify the conclusion that an implied contract arose. Appellant additionally mentioned the commendations made regarding her work performance. These compliments are indicia of past service and do not of themselves make any promise as to future employment.
 
 
 24
 Absent from Appellant's declaration and deposition are specific statements supporting her general allegation that a promise was made to remove her from her position only for good cause. Appellant recalled only that one of her authorized supervisors told her not to worry because she would not have any problems. The same man told her that salespeople tended to remain with the company for a long time. Appellant's understanding came from several nonspecific references made to her about her work plans, none of which serves to create an implied contract. Appellant has not presented evidence to raise a triable issue of material fact as to her allegation that she was promised continued employment.
 
 
 25
 As Appellant has failed to rebut the presumption of at-will employment, she may be terminated for good reason or for no reason, an arbitrary reason or an irrational one. See Gantt v. Sentry Insurance, 824 P.2d 680, 687 (Cal.1992).
 
 
 26
 Appellant's allegation of an implied-in-fact contract requiring good cause for termination is obviously in conflict with the statement in the original employee handbook. Appellant would like Kolbe to be bound by the provisions in that handbook with regard to termination procedures, but she would not be bound by the portion that explicitly provides for an at-will relationship between employer and employee.
 
 
 27
 In light of the totality of the factors, there are simply not enough indicia of a contract to imply one. This Court finds that the summary judgment motion was properly granted. The Court thus need not address the issue of whether Kolbe's conduct constituted the intentional infliction of emotional distress.
 
 
 28
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3